# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RAUL JOSE ISLAS-ROJAS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:12CV02335 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Raul Jose Islas-Rojas to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1].

After pleading guilty to one count of illegal re-entry into the United States subsequent to an aggravated felony conviction, in violation of 2 U.S.C. § 1326(a), movant was sentenced on February 4, 2009, to 70 months' imprisonment and 2 years of supervised release. The United States Court of Appeals for the Eighth Circuit dismissed the appeal on May 5, 2009, pursuant to Eighth Circuit Rule 47A(b), and the mandate issued on May 28, 2009.

Movant seeks relief from his conviction and sentence on several grounds of ineffective assistance of counsel relative to his deportation proceedings.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is   removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal. Movant's conviction became final in

2009, but he did not file this motion to vacate until November 23, 2012, the date on which he signed the motion to vacate.  Thus, it appears that this action is untimely.

Because movant has not advanced an explanation that warrants tolling of the one-year statute of limitations,[1] the Court will order him to show cause within thirty days of the date of this Order as to why this matter should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant motion appears to be time-barred.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred. Movant's failure to file a show cause response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.

---

[1] Movant claims that this action is untimely because he "had an appeal pending and could not send out a 2255 motion until [the] appeal was closed."  This explanation does not warrant equitable tolling.

**IT IS FURTHER ORDERED** that movant's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED** as moot, because there is no filing fee for a 28 U.S.C. § 2255 motion.

So Ordered this 30th day of January, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE